UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES RANDOLPH, | ) | 3:13-cv-00148-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | |
| | ) | July 12, 2013 |
| THE STATE OF NEVADA, ex rel, NEVADA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) | |
| Defendants | ) ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

     Before the court is Plaintiff's Motion for Extension of Time to Effect Service of Process. (Doc. # 27.) Plaintiff seeks a 120 day extension to serve all Doe and misnamed defendants.  Plaintiff references Defendants' Century Link Sales Solutions, Inc., and Embarq Communications, Inc.'s Status Report (Doc. #15 at 3, ¶4) which informed the court of an issue concerning which entity should apparently have been named as a Defendant. (Doc. # 27 at 2.)

     Defendants Century Link and Embarq do not oppose Plaintiff's motion (Doc. # 29), further stating that Embarq Payphone Services, Inc., if added as a party, would be a proper party in this action and that they "would not oppose a  motion to substitute Embarq Payphone Services in place of Century Link Sales Solutions, Inc., and Embarq Communications, Inc., rendering an extension of time to effect service of process unnecessary." (*Id*. at 2.) Plaintiff has replied to the Defendants' response (Doc. #31.)

     Also before the court is Plaintiff's Unopposed Motion to Substitute Misnamed Party. (Doc. # 32.) Plaintiff requests an order substituting Embarq Payphone Services, Inc., in place of Century Link Sales Solutions, Inc., and Embarq Communications, Inc. Plaintiff references a footnote contained in Defendants Century Link/Embarq's motion to dismiss (Doc. # 5) wherein the Defendants acknowledge Plaintiff has served the incorrect entity, and that "Should it become necessary, the correct entity, Embarq Payphone Services, Inc., will seek to be substituted in place of the misnamed corporations." (*Id*. at 3, n.1.)  No opposition to this motion has been filed.

MINUTES OF THE COURT
3:13-cv-00148-RCJ-WGC
Date:  July 12, 2013
Page 2

      Fed. R. Civ. P 15(a)(2) allows an amendment before trial upon leave of court – and that "the court should freely give leave when justice so requires." While Plaintiff's unopposed motion is not technically a motion to amend his complaint, it might be interpreted as an effort by a *pro se* inmate to correct a mistake.  Such pleadings are to liberally construed.  *Eldridge v. Block*, 832 F. 2d 1132, 1137 (9th Cir 1987); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The courts have a duty to ensure *pro se* litigants do not lose a right to a hearing on the merits due to their ignorance of technical procedural requirements. *Balistreri v. Pacifica Police Dep't*, 901 F. 2d 696, 699 (9th Cir. 1990).

      Good cause appearing, Plaintiff's Unopposed Motion to Substitute Misnamed Party (Doc. # 32) is **GRANTED**.  Defendant Embarq Payphone Services, Inc., shall be substituted as a defendant herein in place of Defendants Century Link Sales Solutions, Inc., and Embarq Communications, Inc. Defendants Century Link Sales Solutions, Inc., and Embarq Communications, Inc., are therefore **DISMISSED** from this action.

      Plaintiff's motion for enlargement of time to effect service (Doc. # 27) is **DENIED as moot.**

      **IT IS SO ORDERED.**

                                                        LANCE S. WILSON, CLERK


                                       By:  _____/s/_____
                                                  Deputy Clerk