UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES RANDOLPH, ) | 3:13-cv-00148-RCJ-WGC |
| ) | |
| Plaintiff, ) | **MINUTES OF PROCEEDINGS** |
| ) | |
| vs. ) | |
| ) | August 13, 2013 |
| THE STATE OF NEVADA, ex rel, ) | |
| NEVADA DEPARTMENT OF ) | |
| CORRECTION, *et al.,* ) | |
| Defendants. ) | |
| _____ ) | |

PRESENT:   <u>THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE</u>

DEPUTY CLERK:   <u>Katie Lynn Ogden</u>      REPORTER:      <u>FTR</u>

COUNSEL FOR PLAINTIFF:   <u>Charles Randolph, In Pro Per (Telephonically)</u>

COUNSEL FOR DEFENDANT(S):   <u>Matthew Addison and Mark Iba (Telephonically) obo:</u>
<u>Embarq Payphone Services, Inc and Kelly Werth (Telephonically) obo: State Defendants</u>

**MINUTES OF PROCEEDINGS:  STATUS CONFERENCE**

1:37 p.m. Court convenes.

I.   **Plaintiff's Motion for Extension of Time (Dkt. #11)**

The Court first addresses Plaintiff's Motion for Extension of Time (Dkt. #11).  The Court Docket reflects that Mr. Randolph filed his Response to Defendants' Motion to Dismiss (Dkt. #5) on April 22, 2013 (Dkt. #14).  Therefore, Plaintiff's Motion for Extension of Time (Dkt. #11) is **DENIED** as moot.

Thereafter, the Court finds that Defendants' Motion for Enlargement of Time (Dkt. #16), filed May 1, 2013, shall also be **DENIED** as moot.

II.   **Proposed Discovery Plan/Scheduling Order (Dkt. #34)**

The Court turns to the Proposed Discovery Plan/Scheduling Order (Dkt. #34).  The Court notes that this case is somewhat unique compared to other 42 U.S.C. § 1983 cases, in that an additional Defendant is named in the complaint who is not a State entity (i.e. Defendant Embarq Payphone Services, Inc).  In light of this, the Court contemplates whether a standard scheduling order should be issued by the Court, whether a stay of discovery should be entered until after the

MINUTES OF PROCEEDINGS
3:13-cv-00148-RCJ-WGC
Date: August 13, 2013
Page 2

Motion to Dismiss (Dkt. #5) is disposed of, or whether to proceed and issue the Proposed Scheduling Order/Discovery Plan (Dkt. #34)

      Mr. Addison notes that the Proposed Discovery Plan/Scheduling Order is primarily a Scheduling Order and that traditional discovery deadlines are not included in the instant Proposed Discovery Plan/Scheduling Order.  The Defendants' believe that a 90-day initial, temporary stay of discovery is appropriate and that the Scheduling Order dates be set accordingly after the 90-day stay as set forth in the Proposed Discovery Plan/Scheduling Order (Dkt. #34). Furthermore, the Defendants do not oppose scheduling a status conference after the 90-day stay to review the status of the case and whether it is necessary to revise the dates based on the status of the Motion to Dismiss.

      Mr. Randolph indicates it is his understanding that, at this time, a discovery plan is not necessary based on LR 16-1.  Furthermore, Mr. Randolph indicates, at this point, he has not sought any discovery and is awaiting the disposition of Defendants' Motion to Dismiss (Dkt. #5).

      The Court acknowledges that Mr. Randolph has adequately stated that Federal Rules of Civil Procedure 26 does not pertain to this matter.  Furthermore, the Court recognizes that LR 16-1 states that no discovery plan is required; however, the Court notes the rule also does not preclude a scheduling order being entered.  Additionally, the Court notes that it tends to agree that a 90-day stay is typically more appropriate rather than considering a blanket stay.

      Therefore, the Court embraces and approves the Proposed Discovery Plan/Scheduling Order (Dkt. #34).  The Court further schedules a Status Conference for **Thursday, October 17, 2013, at 9:30 a.m.**

      Mr. Addison indicates he will notify the Court should Defendants' Motion to Dismiss be disposed of prior to the October 17th Status Conference to request the hearing be vacated and rescheduled for an earlier date.

**IT IS SO ORDERED.**

1:54 p.m. Court adjourns.

                                                   LANCE S. WILSON, CLERK

                                                   By: _____/s/_____
                                                   Katie Lynn Ogden, Deputy Clerk