**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES RANDOLPH,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF NEVADA, EX REL., NEVADA DEPARTMENT OF CORRECTIONS; JAMES "GREG" COX, E.K. MCDANIEL, RENEE BAKER, PAM DEL PORTO, individuals sued in their individual capacities; CENTURY LINK SALES SOLUTIONS, INC., EMBARQ COMMUNICATIONS, INC., corporations doing business in the State of Nevada,<br><br>    Defendants.<br>_____ | 3:13-cv-148-RCJ-WGC<br><br>**ORDER** |

Currently before the Court are a Motion to Dismiss (#5), a Joinder to a Motion to Dismiss (#25), and Plaintiff's Objections to Non-Dispositive Order of Magistrate (#39).

**BACKGROUND**

In March 2013, Defendants Century Link Solutions, Inc. and Embarq Communications, Inc. filed a notice of removal based on federal question jurisdiction. (Pet. for Removal (#1) at 1-2). In April 2013, Defendants filed an errata to the petition for removal and attached Plaintiff Charles Randolph's complaint which had been filed in the Seventh Judicial District in White Pine County, Nevada. (Compl. (#7) at 7-27). In the complaint, Plaintiff, *pro se*, sued the State of Nevada, on relation of the Nevada Department of Corrections ("NDOC"); James "Greg" Cox, director of NDOC; E.K. McDaniel, the warden of the Ely State Prison ("ESP"); Renee Baker, associate warden of programs and acting warden of ESP; Pam Del Porto, inspector general of NDOC; Century Link Sales Solutions, Inc.; and Embarq Communications, Inc. (collectively

"Defendants"). (*Id.* at 7-9). Plaintiff was a prisoner incarcerated within the NDOC. (*Id.* at 8).

The complaint alleged the following. (*Id.* at 10). Over the course of three months, Plaintiff's confidential telephone conversations between himself (a death row inmate) and his attorney, James Colin, Esq., were "repeatedly, surreptitiously, and intentionally monitored and recorded" without a court order or their consent. (*Id.*). Defendants continued to record their telephone calls after Plaintiff and his attorney notified prison officials. (*Id.* at 10-11). Plaintiff believed that Embarq Communications, Inc. and Century Sales Solutions, Inc. were the telephone contractors for NDOC pursuant to the provisions in the Nevada Revised Statutes. (*Id.* at 12). Pursuant to NRS § 209.419, the NDOC director shall adopt regulations providing for an alternate method of communication for those communications by offenders which are confidential. (*Id.* at 12). A communication made by an offender is confidential if it is made to an attorney who has been admitted to practice law in any State. (*Id.*). NDOC Administrative Regulation 718 states that department staff are responsible to know and comply with this regulation. (*Id.*). The regulation also states that telephone calls, except those approved between an inmate and his attorney, must be monitored and/or recorded. (*Id.* at 13).

The complaint alleged the following. (*Id.*). As far back as March 2008, Plaintiff provided Defendants State of Nevada *ex rel.* NDOC, Baker, Cox, Del Porto, and McDaniel (collectively "NDOC Defendants") with an "Allowed Calling List Request" form which listed James A. Colin, Esq., Plaintiff's attorney, who was admitted to practice law in Nevada, his work phone number, (702) 521-6316, as the individual and phone number Plaintiff intended to receive confidential communications from. (*Id.*). This form was maintained in Plaintiff's Institutional File, or I-File, and was available to Defendants upon their request. (*Id.*). Between March 2008 and April 1, 2011, Plaintiff entered the phone number (702) 521-6316 into Century Link's and Embarq's legal database telephonically and was approved. (*Id.*). Plaintiff reasonably believed his legal communications were private and did not consent to any future monitoring, recording or interception, eavesdropping, wiretapping, or listening to Plaintiff's telephone calls to Mr. Colin. (*Id.* at 14).

The complaint alleged the following. (*Id.*). "On April 2, 2011, while engaged in legal

2

communication with Mr. Colin, Mr. Colin and Plaintiff were abruptly notified by Defendant Century Link's and Embarq's computer-voice operating system, 'this call is being recorded.'"[1] (*Id.*). "Immediately upon hearing such" message, Mr. Colin and Plaintiff were "both shocked, frustrated, in disbelief, and chilled by this message, and Plaintiff was obstructed and prevented from further discussing significant and important appellate issues, strategies, and legal matters that were awaiting briefing to the Nevada Supreme Court, and Mr. Colin did need Plaintiff's consent and consideration to further proceed." (*Id.*).

The complaint alleged the following. (*Id.*). On April 14, 2011, Plaintiff submitted an "Inmate Request Form" to Baker advising her that his calls to his attorney were being improperly recorded and requested that she take appropriate action to discontinue that recording. (*Id.*). Plaintiff did not receive any response. (*Id.* at 15). He submitted an emergency grievance which was denied. (*Id.*).

The complaint alleged the following. (*Id.*). Between April 2, 2011 and April 19, 2011, Plaintiff made two additional telephone calls to Mr. Colin which NDOC Defendants "requested or procured be intercepted and recorded" and which Century Link and Embarq "actually intercepted and recorded." (*Id.*). On April 14, 2011, because his calls were still being recorded, Plaintiff initiated NDOC's Inmate Grievance Procedure to complain that his conversations with Mr. Colin were being recorded and requested that it be stopped. (*Id.*). During that process, prison officials candidly admitted that "<u>any</u> 'attorney who did not respond' to a message by NDOC officials would have their telephone calls from inmates 'recorded.'" (*Id.*). The recordings were in direct contradiction of NRS § 209.419(4)(d). (*Id.*).

The complaint alleged the following. (*Id.*). On April 19, 2011, Mr. Colin contacted McDaniel directly via letter and stated, "For approximately the last month, when my client calls me, before we are allowed to speak, a message is played stating our telephone conversation is being recorded and said recording will be reviewed by prison authorities. This is improper,

---

[1] This allegation is located in Paragraph 23 of the complaint.

3

and I respectfully request this untenable situation be promptly corrected."[2]  (*Id.* at 16). McDaniel took no action in response to the letter and allowed the recording to continue. (*Id.* at 17). Later that day, but prior to McDaniel receiving Mr. Colin's letter, Plaintiff's institutional caseworker, Harry Peltzer, showed Plaintiff an email which indicated that Del Porto had authorized the recording of Plaintiff's attorney calls. (*Id.*). Neither Plaintiff nor his attorney had received prior written notice that legal calls were being intercepted as a result of a new policy of an alleged clean-up of NDOC's legal database. (*Id.*).

The complaint alleged the following. (*Id.*). On May 11, 2011, as a result of Defendants' recordings, Mr. Colin was forced to seek redress from the Nevada Supreme Court to extend Plaintiff's briefing schedule in his habeas corpus case. (*Id.* at 18). Mr. Colin informed the Nevada Supreme Court that all meaningful communication had been improperly prevented by ESP officials as a result of recording the calls. (*Id.*). The Nevada Supreme Court granted the motion for an extension of time. (*Id.*). On May 19, 2011, Baker mailed Mr. Colin a letter acknowledging receipt of his April 19, 2011 letter. (*Id.* at 18-19). Baker's letter stated that "a message had been allegedly left on Mr. Colin's cell phone asking him 'to return [ESP's] call to advise if you wished to *continue* to receive privileged calls.'" (*Id.* at 19). Baker knew that Plaintiff's calls to Mr. Colin were privileged by the fact that she asked whether Mr. Colin wanted to continue his privileged communications. (*Id.*). Plaintiff believed that the improper recordings had been corrected and placed three additional calls to Mr. Colin between May 24, 2011 and May 28, 2011. (*Id.*). However, at the request of NDOC Defendants, Century Link and Embarq recorded those calls. (*Id.*). In response to Baker's letter, Mr. Colin responded on June 8, 2011, and complained about the recording of calls and explained that he had never received such a message, never intentionally failed to return a call, and to that day was unaware of whom he was supposed to call or their phone number. (*Id.*). On June 10, 2011, Baker acknowedged receipt of Mr. Colin's letter. (*Id.*). Baker stated that NDOC officials had previously verified Mr. Colin's attorney bar number and verified that (702) 521-6316 was his

---

[2]  This allegation is located in Paragraph 34 of the complaint.

4

cell phone number, but noted that she needed to "get a positive confirmation before [his] number [could] be <u>changed back</u> to DNR (do not record) privileged status." (*Id.* at 20).

The complaint alleged five causes of action. (*Id.* at 21-25). In the first cause of action, Plaintiff alleged deprivation of his First Amendment right to free speech, pursuant to 42 U.S.C. § 1983 against McDaniel, Baker, Cox, and Del Porto. (*Id.* at 21). In the second cause of action, Plaintiff alleged deprivation of his Fourth Amendment rights, pursuant to 42 U.S.C. § 1983, against McDaniel, Baker, and Cox. (*Id.* at 22).

In the third cause of action, Plaintiff alleged violation of Title III of the Omnibus Crime Control and Safe Street Act of 1968, 18 U.S.C. § 2520, against McDaniel, Baker, Cox, Del Porto, Century Sales Solutions, Inc., and Embarq Communications, Inc. (*Id.* at 23). Plaintiff alleged that Defendants, individually or collectively, were not acting in good faith, in an investigative capacity, and did not have court authority to intercept his communications. (*Id.* at 24). Plaintiff sought statutory damages of $10,000 against each defendant, person, or corporation pursuant to 18 U.S.C. § 2520(a), (c)(2)(B). (*Id.*).

In the fourth cause of action, Plaintiff alleged a state tort of negligent supervision/training pursuant to NRS §§ 41.031(2), 41.0322, 41.130, and 209.243 against State of Nevada ex. rel. NDOC. (*Id.*). In the fifth cause of action, Plaintiff alleged a state tort violation of Article I, Section 18 of the Nevada Constitution pursuant to NRS §§ 41.031(2), 41.0322, 41.130, and 209.243 against State of Nevada ex. rel. NDOC. (*Id.* at 25).

In July 2013, the magistrate judge granted Plaintiff's unopposed motion to substitute Defendant Embarq Payphone Services, Inc. as the defendant in place of Defendants Century Link Sales Solutions, Inc. and Embarq Communications, Inc. (Minutes of the Court (#33) at 2). The magistrate judge dismissed Century Link Sales Solutions, Inc. and Embarq Communications, Inc. from this lawsuit. (*Id.*). The same attorney who represented Century Link Sales Solutions, Inc. and Embarq Communications, Inc. represents Embarq Payphone Services, Inc. (*See* Proposed Discovery Plan (#34) at 1).

The pending motions now follow.

///

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

**I.     Motion to Dismiss (#5)**[3]

Defendant Embarq Payphone Services, Inc. ("Embarq")[4] files a motion to dismiss the third, and only, cause of action against it. (Mot. to Dismiss (#5) at 1). Embarq argues that Plaintiff's complaint establishes the defense of consent under the Federal Wiretap Act. (*Id.* at 1-2). Embarq argues that consent, a defense to the Federal Wiretap Act, may be expressed or implied from the circumstances. (*Id.* at 4). Embarq asserts that it is generally accepted that a prisoner who places a call from an institutional phone with knowledge that the call is subject to recording has impliedly consented to the recording. (*Id.* at 5). Embarq contends that a prisoner who proceeds to talk after hearing a message stating that the call is subject to recording has impliedly consented to being recorded. (*Id.*). Embarq argues that Plaintiff consented to the recordings because Plaintiff's complaint states that before he and his attorney were allowed to speak a message was played stating that their telephone conversation was being recorded and would be reviewed by prison authorities. (*Id.* at 6).

---

[3] NDOC Defendants file a joinder to the motion to dismiss. (Joinder (#25) at 1).

[4] This motion to dismiss was originally filed by Century Link Solutions, Inc. and Embarq Communications, Inc. (*See* Mot. to Dismiss (#5) at 1). Because the parties agree that the proper defendant is Embarq Payphone Services, Inc. and Embarq Payphone Services, Inc. is represented by the same attorney who filed the original motion to dismiss, the Court will review the motion to dismiss as if it were filed by Embarq Payphone Services, Inc. (*See id.* at 3 n.1).

7

In response, Plaintiff, *pro se*, argues that in Paragraph 23 of his complaint he alleged that the recorded message was given only after he and his attorney had engaged in conversation. (Opp'n to Mot. to Dismiss (#14) at 3). Plaintiff asserts that Mr. Colin's letter only references one month of calls that played the recorded message but that his complaint alleges that at least three months of calls were recorded. (*Id.* at 4-5).

In reply, Embarq argues that Mr. Colin's letter described in Paragraph 34 of the complaint covers the time period described in Paragraph 23 of the complaint and, thus, demonstrates consent. (Reply to Mot. to Dismiss (#20) at 3).

Title III of the Omnibus Crime Control and Safe Streets Act of 1968 applies to the prison system. *United States v. Van Poyck*, 77 F.3d 285, 291 (9th Cir. 1996). Pursuant to Title III, any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication" shall be punished "[e]xcept as otherwise specifically provided." 18 U.S.C. § 2511(1)(a). Under the law enforcement exception of Title III, "oral communications may be intercepted by investigative and law enforcement officers acting in the ordinary course of their duties." *Van Poyck*, 77 F.3d at 291; *see* 18 U.S.C. § 2510(5)(a)(ii) (excluding from the definition of "electronic, mechanical, or other device" "any telephone or telegraph instrument, equipment or facility, or any component thereof . . . being used . . . by an investigative or law enforcement officer in the ordinary course of his duties"). The Ninth Circuit has held that a prison is a law enforcement agency. *See Van Poyck*, 77 F.3d at 292. Title III further recognizes that an "interception under this chapter may be conducted in whole or in part by Government personnel, or by an individual operating under a contract with the Government, acting under the supervision of an investigative or law enforcement officer authorized to conduct the interception." 18 U.S.C. § 2518(5).

In this case, the Court grants Embarq's motion to dismiss but denies NDOC's joinder to the motion to dismiss. With respect to Embarq, the Court notes that Embarq is a private company that has a contract with NDOC to record all inmate telephone calls, other than approved calls between an inmate and his attorney, made on ESP's telephone system. (*See*

8

Compl. (#7) at 9, 11-13). The Court notes that Embarq only records telephone calls that NDOC Defendants tell it to record. (*See id.* at 13, 16, 19-20). Plaintiff alleges in his complaint that Embarq recorded calls at the request of NDOC Defendants. (*See id.* at 19). The Court finds that Embarq, acting under a government contract, was acting in the ordinary course of its duties when it recorded Plaintiff's telephone calls at the direction of NDOC Defendants. As such, the Court finds that the law enforcement exception applies to Embarq and grants Embarq's motion to dismiss (#5) with prejudice.

On the other hand, the Court denies NDOC Defendants' joinder to the motion to dismiss. The complaint alleges that NDOC Defendants directed Embarq to record despite knowing that Plaintiff was attempting to legally communicate with his attorney. This allegation is bolstered by the subsequent allegation that Mr. Colins had to seek a briefing extension from the Nevada Supreme Court because of these recordings. (*See* Compl. (#7) at 18). The Court finds that these allegations state a cause of action for a violation under Title III of the Omnibus Crime Control and Safe Streets Act of 1968 against NDOC Defendants.

**II.     Plaintiff's Objections to Non-Dispositive Order of Magistrate (#39)**

Plaintiff files an objection to the magistrate judge's entry of a discovery plan and scheduling order proposed by Embarq. (Objections (#39) at 1-2). Plaintiff objects to the scheduling order because it imposes discovery obligations upon a *pro se* prisoner which contradicts Federal Rule of Civil Procedure 26. (*Id.* at 2). Specifically, Plaintiff argues that the order requires him to comply with the initial disclosures provision although the FRCP provides him with an exemption. (*Id.* at 3). Plaintiff also notes that it is unclear whether the order only applies to Embarq or the NDOC Defendants as well. (*Id.* at 5).

In response, Embarq asserts that the order does not require Plaintiff to engage in initial disclosures or a planning conference. (Resp. to Objections (#40) at 2). Embarq states that the order merely recites facts why the parties have not conferred and agrees that Plaintiff is exempt from both initial disclosures and a planning conference. (*Id.*). Embarq believes that the scheduling order applies to all the parties in the case. (*Id.* at 3).

On July 15, 2013, Embarq filed a Proposed Discovery Plan and Scheduling Order.

(Proposed Discovery Plan (#34) at 1). The proposed plan stated, "To date, the parties have not conferred pursuant to Fed. R. Civ. P. 26(f), because Plaintiff is incarcerated, representing himself and has not contacted the undersigned to schedule a meeting." (*Id.* at 3). The proposed plan does not require Plaintiff to engage in initial disclosures. (*See id.* at 1-4). The magistrate judge entered Embarq's proposed scheduling order on August 14, 2013. (Scheduling Order (#37)).

Federal Rule of Civil Procedure 26 provides that initial disclosures are exempt in "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." Fed. R. Civ. P. 26(a)(1)(B)(iv). A proceeding that is exempt from initial disclosure is also exempt from a Rule 26(f) conference. Fed. R. Civ. P. 26(f)(1).

The Court finds that the Scheduling Order does not require Plaintiff to engage in initial disclosures or a planning conference like he argues. As such, Plaintiff's objections to the scheduling order (#39) are denied. The Court further finds that the Scheduling Order applies to all parties in this case.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Embarq Payphone Services, Inc.'s Motion to Dismiss (#5) is GRANTED in its entirety with prejudice. Embarq Payphone Services, Inc. is no longer a party in this case.

IT IS FURTHER ORDERED that Defendants State of Nevada ex rel. Nevada Department of Corrections, Renee Baker, James "Greg" Cox, Pam Del Porto, and E.K. McDaniel's Joinder to the Motion to Dismiss (#25) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Objections to Non-Dispositive Order of Magistrate (#39) is DENIED.

Dated: This 29th day of October, 2013.

_____
United States District Judge

10