**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CHARLES RANDOLPH, | ) | 3:13-cv-00148-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| THE STATE OF NEVADA, et. al. | ) | |
| Defendants. | ) | |

    Before the court is Plaintiff's Renewed Motion for Issuance of Subpoena Duces Tecum and Leave to Serve Same Via Certified Mail Upon Third Party. (Doc. # 55.)[1] Defendants have filed a non-opposition. (Doc. # 56.)

    On December 19, 2013, Plaintiff filed a motion requesting the issuance of a subpoena and for leave to serve the subpoena on a third party by certified mail. (Doc. # 52.) Plaintiff sought to have a subpoena issued to serve on dismissed defendant Embarq Payphone Services, Inc., (Embarq) via certified mail on Embarq's resident agent (*Id.*) Defendants filed a non-opposition to that motion. (Doc. # 53.)

    On January 7, 2014, the court issued an order granting Plaintiff's motion insofar as he sought the issuance of a subpoena duces tecum to serve on former defendant Embarq Pay Phone Services, Inc., and directed the Clerk's Office to send Plaintiff a subpoena duces tecum issued to Embarq. (Doc. # 54.) However, to the extent Plaintiff sought an order for service of the subpoena via certified mail, the court denied this request. (*Id.*) The basis for denying this

---

[1] Refers to court's docket number.

request was that the court undertook a review of the Nevada Secretary of State's filings and discovered that Embarq does not appear to be presently registered as a Nevada corporation. Nor did this search reveal a resident agent for service of process from a foreign corporation for Embarq. The court acknowledged that there is a question about whether service can be effected by other than personal service or delivery to a recipient's place of business, but in view of the discrepancies surrounding Embarq's Nevada corporate status, the court declined to specifically authorize service of the subpoena via certified mail.

Plaintiff has since filed the instant renewed motion for issuance of the subpoena with leave to serve it via certified mail. (Doc. # 55.) Plaintiff contends that a clerical mistake was made by the court in searching for Embarq's Nevada business identification number. He states that the correct number is NV19971285398, but the court entered NV19771285398.

In addition, Plaintiff states that he has performed a new search with the correct business identification number which reveals that Embarq is now doing business as "Century Link," which explains why there was no result when the court searched for Embarq, and that the Corporation Trust Company of Nevada remains the resident agent for Embarq doing business as Centurylink.

The court performed a new search of the Nevada Secretary of State's website under the "Nevada Business Search" function for Nevada Business ID NV19971285398, as Plaintiff indicated this is the correct identification number. A search under this identification number revealed the entity name "Centurylink Public Communications, Inc.," which is listed as an active foreign corporation. When the court clicked on the name of the entity it revealed additional information, including that the entity is a Florida corporation with the Corporation Trust Company of Nevada as its registered agent in Nevada. Plaintiff also provides a copy of an amendment to the contract between NDOC and Embarq which identifies Embarq as doing business as Centurylink. (Doc. # 55 at 13.)

Plaintiff has also provided a contract summary of the contract between Embarq and NDOC dated January 11, 2011, which identifies Embarq's Nevada Business ID as

2

1 NV20051287760. (Doc. # 55 at 9.) A search of the Nevada Secretary of State's website for this Nevada Business ID returned the entity Embarq Communications, Inc. It is listed as an active foreign corporation from the state of Delaware with its registered agent in Nevada also listed as the Corporation Trust Company of Nevada.

Rule 45(a)(3) provides that the "clerk must issue a subpoena, signed but otherwise blank, to a party who requests it. That party must complete it before service." Rule 45 goes on to require that "[i]f the subpoena commands the production of documents…then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). "Any person who is at least 18 years old and not a party may serve a subpoena." Fed. R. Civ. P. 45(b)(1). "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law…" Fed. R. Civ. P. 45(b)(1).

While the personal service requirement is not explicit in Rule 45, the majority of courts to consider the issue, including the Ninth Circuit in an unpublished decision, have held that personal service of a subpoena duces tecum is required. *See Chima v. U.S. Department of Defense*, 23 Fed.Appx. 721, 2001 WL 1480640, at *2 (9th Cir. Dec. 14, 2001); *see also Newell v. County of San Diego*, 2013 WL 4774767, at *2-3 (S.D. Cal. Sept. 5, 2013); *Prescott v. County of Stanislaus*, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012).

While the court previously directed the Clerk to issue blank subpoenas to Plaintiff, he is not entitled to an order that service may be accomplished by certified mail. Instead, personal service by a person at least 18 years of age that is not a party to this action appears to be required. Should Plaintiff be able to properly effectuate service of the subpoena, it is up to him to determine which entity is the correct entity to be served, and the court cannot give him legal advice in this regard.

///
///
///

In sum, Plaintiff's renewed motion (Doc. # 55) is **DENIED**.

IT IS SO ORDERED.

DATED: February 19, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

4