**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES RANDOLPH, )<br>            )<br>    Plaintiff, )<br>            )<br>vs. )<br>            )<br>THE STATE OF NEVADA, EX REL., )<br>NEVADA DEPARTMENT OF )<br>CORRECTIONS et al., )<br>            )<br>            )<br>    Defendants. )<br>            ) | 3:13-cv-00148-RCJ-WGC<br><br>**ORDER** |

In this case, pro se Plaintiff Charles Randolph, a death row inmate within the Nevada Department of Corrections ("NDOC"), alleges that his confidential telephone conversations with his attorney, James Colin, Esq., were "repeatedly, surreptitiously, and intentionally monitored and recorded" without a court order or consent. (Compl., ECF No. 7, at 10). On October 29, 2013, this Court entered an order dismissing Embarq Payphone Services as a defendant in this action. (ECF No. 42, at 10). Specifically, the Court concluded that Embarq, a government contractor, was acting in the ordinary course of its duties when it recorded Plaintiff's telephone calls and therefore qualified for the law enforcement exception to the Federal Wiretap Act. (*Id.* at 8 (citing *United States v. Van Poyck*, 77 F.3d 285, 291 (9th Cir. 1996); 18 U.S.C. § 2510(5)(a)(ii) (excluding from the definition of "electronic, mechanical, or other device" "any telephone or telegraph instrument, equipment or facility, or any component thereof . . . being used . . . by an investigative or law enforcement officer in the ordinary course of his duties"))). Plaintiff now

moves for: (1) a Rule 54(b) order certifying the judgment as final, (ECF No. 43); (2) a stay pending his proposed interlocutory appeal, (ECF No. 44); and (3) reconsideration of the order dismissing Embarq, (ECF No. 45). For the reasons stated herein, the Court denies these motions.

**I.   Motion to Certify (ECF No. 43) and Motion to Stay (ECF No. 44)**

Rule 54(b) permits a district court, in its discretion, to enter judgment after making a ruling partially disposing of a case or to wait to enter judgment until it has ruled on the remaining causes of action:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). A court uses a two-step process under Rule 54(b): (1) it determines if the challenged order is a "final judgment"; and (2) it determines whether there is any just reason for delay. *See Curtiss–Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 7 (1980).

Rule 54(b) certification is generally disfavored. "Absent a seriously important reason, both the spirit of Rule 1 and the interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 883 (9th Cir. 2005) (reversing a district court's Rule 54(b) certification in a routine, two-party, multiple claim employment discrimination case). The *Wood* Court stated:

> This is not a complicated case. It is a routine employment discrimination action. In such cases it is typical for several claims to be made, based on both state and

federal law, and for several theories of adverse treatment to be pursued. It is also common for motions to be made for summary judgment, and to be granted in part and denied in part as district judges trim and prune a case to focus on what really is at issue for trial. At least in our experience, requesting—or granting a request for—certification in ordinary situations such as this is not routine. We believe it should not become so. As put by the Supreme Court, "[p]lainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."

*Id.* at 879 (citation omitted).

Here, Plaintiff's dismissed claim against Embarq arises from the same facts as his claims against the remaining Defendants, and certification would likely result in unnecessary, piecemeal appeals. Therefore, as in *Wood*, the need to conserve judicial resources in a "routine case" justifies a delay. Accordingly, Plaintiff's motion for Rule 54(b) certification (ECF No. 43) is denied, and the motion to stay pending appeal (ECF No. 44) is denied as moot.

**II.   Motion to Reconsider (ECF No. 45)**

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) and Rule 60(b) permit a district court to reconsider and amend previous orders, this is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890

(9th Cir. 2000) (quoting 12 James William Moore, et al., *Moore's Federal Practice* § 59.30(4) (3d ed. 2000)) (internal quotation marks omitted).

Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the court (1) is presented with newly discovered evidence, (2) committed clear error, or (3) if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enter.*, 229 F.3d at 890. Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for reconsideration. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Furthermore, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

Through the pending motion to reconsider, Plaintiff appears to contend that the Court's order dismissing Embarq is based on two instances of clear error. Specifically, Plaintiff contends that: (1) it was improper for the Court to rely on the law enforcement exception as a basis for dismissal because the parties did not brief the issue; and (2) "the Court has misapprehended the purpose, scope and application of the law enforcement exception and its relation to 18 U.S.C. §

2518(5) when it applied the statute to this case." (Mot. Recons., ECF No. 45, at 2). The Court disagrees.

As an initial matter, an order based on reasons not briefed by the parties does not constitute clear error warranting reconsideration. Indeed, the Court of Appeals "may affirm the district court's decision on any ground supported by the record." *Lambert v. Blodgett*, 393 F.3d 943, 965 (9th Cir. 2004).

Plaintiff's second argument is likewise unpersuasive. Here, Plaintiff suggests that the Court erred because the statutory language authorizing government contractors to conduct lawful interception appears in a subsection describing procedures for obtaining court orders under the Federal Wire Tap Act. (*See* Mot. Recons., ECF No. 45, at 5 (citing 18 U.S.C. § 2518(5)). Specifically, Plaintiff contends that, because Embarq did not obtain a court order, this subsection does not apply. *Id.* Plaintiff's interpretation, however, conflicts with the plain meaning of the relevant statutory language. In its entirety, 18 U.S.C. § 2518(5) provides:

> No order entered under this section may authorize or approve the interception of any wire, oral, or electronic communication for any period longer than is necessary to achieve the objective of the authorization, nor in any event longer than thirty days. Such thirty-day period begins on the earlier of the day on which the investigative or law enforcement officer first begins to conduct an interception under the order or ten days after the order is entered. Extensions of an order may be granted, but only upon application for an extension made in accordance with subsection (1) of this section and the court making the findings required by subsection (3) of this section. The period of extension shall be no longer than the authorizing judge deems necessary to achieve the purposes for which it was granted and in no event for longer than thirty days. Every order and extension thereof shall contain a provision that the authorization to intercept shall be executed as soon as practicable, shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter, and must terminate upon attainment of the authorized objective, or in any event in thirty days. In the event the intercepted communication is in a code or foreign language, and an expert in that foreign language or code is not reasonably available during the interception period, minimization may be

> accomplished as soon as practicable after such interception. *An interception under this chapter may be conducted in whole or in part by Government personnel, or by an individual operating under a contract with the Government, acting under the supervision of an investigative or law enforcement officer authorized to conduct the interception.*

(emphasis added). The subsection's final sentence, which authorizes government contractors to conduct interception, plainly applies to any "interception under the chapter," regardless of whether a court order is required. This interpretation is supported by case law and the statute's legislative history. *See United States v. Rivera*, 292 F. Supp. 2d 838, 842 (E.D. Va. 2003) ([C]ommunications intercepted by the government without judicial authorization will not be subject to the prohibitions of Title III if intercepted "by an investigative or law enforcement officer in the ordinary course of his duties.") (citing *United States v. Hammond*, 286 F.3d 189, 192 (4th Cir. 2002)). Because the Court concluded that Embarq intercepted Plaintiff's calls pursuant to the law enforcement exception, (Order, ECF No. 42, at 8), which does not require a court order, *see* 18 U.S.C. § 2510(5)(a)(ii), the absence of such an order is irrelevant. Therefore, reconsideration is unwarranted, and Plaintiff's motion (ECF No. 45) is denied.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's motion to certify judgment as final (ECF No. 43) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to stay pending appeal (ECF No. 44) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's motion to reconsider (ECF No. 45) is DENIED.

IT IS SO ORDERED.

Dated: _ June 16, 2014      ____

_____
ROBERT C. JONES
United States District Judge