UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES RANDOLPH, | ) | 3:13-cv-00148-RCJ-WGC |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| vs. | ) | |
| | ) | June 27, 2014 |
| THE STATE OF NEVADA, ex rel, NEVADA DEPARTMENT OF CORRECTION, *et al.,* | ) | |
| Defendants. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>   REPORTER:  <u>           FTR           </u>

COUNSEL FOR PLAINTIFF:  <u>Charles Randolph, In Pro Per (Telephonically)          </u>

COUNSEL FOR DEFENDANT(S): <u>Matthew Addison (Present) and Mark Iba (Telephonically) obo: CenturyLink Public Communications, Inc.; Benjamin Johnson (Telephonically) obo: State Defendants and Richard Campbell (Present) obo: Inmate Calling Solutions, LLC.</u>

**MINUTES OF PROCEEDINGS: MOTION HEARING**

1:44 p.m. Court convenes.

I. **<u>Inmate Calling Solutions, LLC's Motion to Quash Subpoena (Doc. # 72)</u>**

After reviewing with the parties each request for production sought in Plaintiff's subpoenas served on Inmate Calling Solutions, LLC ("ICS") dated February 28, 2014, the court **GRANTS in part** and **DENIES in part** ICS's Motion to Quash Subpoena (Doc. # 72) as follows:

<u>Request for Production No. 1 and No. 2</u>

   Court Order:   ICS's objections are OVERRULED.  ICS is directed to supplement responses.  Plaintiff's request is limited to the year 2011 only.

   Therefore, ICS's Motion (Doc. # 72) is **DENIED**.

<u>Request for Production No. 3</u>

MINUTES OF PROCEEDINGS
3:13-cv-00148-RCJ-WGC
Date: June 27, 2014
Page 2

    Court Order:   ICS's objection is SUSTAINED.  Debra D. Lambe is not an ICS employee and does not possess the documents sought by Plaintiff with regard to this request.

                      Therefore, ICS's motion (Doc. # 72) is **GRANTED**.

Request for Production No. 4

    Court Order:   ICS's objection is OVERRULED.  ICS shall produce any documentation that defines or explains the meaning of the symbols in call logs.

                      Therefore, ICS's motion (Doc. # 72) is **DENIED**.

Request for Production No. 5

    Court Order:   ICS's objection is OVERRULED in part and SUSTAINED in part.  ICS shall supplement their response.  This response is limited to contact with the phone number for Plaintiff's attorney James Colin, Esq. only.

                      Therefore, ICS's motion (Doc. # 72) is **GRANTED in part** and **DENIED in part**.

Request for Production No. 6

    Court Order:   ICS's objection is SUSTAINED; however, the court directs counsel for ICS to verify that there are in fact no recordings.  ICS shall confirm its findings in the supplemental responses.  If there are recordings, ICS shall produced them to Plaintiff.

                      Therefore, ICS's motion (Doc. # 72) is **GRANTED** to the extent ICS agrees to verify there are no recordings related to this request and will confirm this in the supplemental responses.

Request for Production No. 7

    Court Order:   ICS's objections are OVERRULED in part and SUSTAINED in part.  ICS shall supplement its response.  This response is limited to any "allowed calling list" submitted by Plaintiff.

MINUTES OF PROCEEDINGS
3:13-cv-00148-RCJ-WGC
Date: June 27, 2014
Page 3

        Therefore, ICS's motion (Doc. # 72) is **GRANTED in part** and **DENIED in part**.

    ICS's supplemental responses shall be produced to Plaintiff no later than **Thursday, July 31, 2014**.

    The court indicates should any further discovery dispute(s) be raised following ICS's supplemental production, the parties shall first engage in a meet and confer conference to attempt to resolve the disputes before involving the court.

II.    <u>**Plaintiff's Motion for Order to Show Cause for Failure to Obey A Subpoena (Doc. # 76)**</u>

    It is noted for the record that dismissed defendant known as Embarq Payphone Services, Inc., has changed its company name and is now known as CenturyLink Public Communications, Inc. ("CenturyLink").[1]

    Counsel for CenturyLink Matthew Addison, Esq., explains to the court that CenturyLink will be producing responsive documents relative to the requests sought in the two subpoenas Plaintiff served on CenturyLink. However, Mr. Addison request the court's guidance with respect to the logistics of delivering the documents to Plaintiff.

    In view of the court's findings today, several of the documents are limited to only referring to Plaintiff's attorney James Colins, Esq. Therefore, at this time, it is the court's observation that the majority of the documentation being produced to Plaintiff will not raise security concerns with Nevada Department of Corrections ("NDOC") and should be produced to Plaintiff. The court directs CenturyLink to deliver the responsive documents to Deputy Attorney General Benjamin Johnson first, and after Mr. Johnson's review of the documents, they shall be directly produced to Plaintiff for his personal possession in his cell. Should Mr. Johnson determine documents contain confidential or sensitive information, he shall make application with the court to have the documents delivered to the warden and to have Plaintiff kite the warden to review the documents.

    Based on CenturyLink's representation that the documents will be produced to Plaintiff, "Plaintiff's Motion for Order to Show Cause for Failure to Obey a Subpoena" (Doc. # 76) is **DENIED without prejudice**. Again, the court directs the parties to meet and confer before involving the court should there be any dispute(s) raised concerning the responsive documents

---

[1] Also see *Notice of Name Change and offer to Accept Service of Subpoena* (Doc. # 65).

MINUTES OF PROCEEDINGS
3:13-cv-00148-RCJ-WGC
Date: June 27, 2014
Page 4

submitted by CenturyLink.

CenturyLink shall produce its responsive documents to Mr. Johnson no later than **Thursday, July 3, 2014**. Mr. Johnson shall review the documents and, thereafter, forward them to Mr. Randolph. As soon as he is able, Mr. Randolph is directed to contact Mr. Johnson to confirm he has been transported back to Ely State Prison ("ESP") so delivery is made to Plaintiff, or to the warden, at the appropriate institution.

**III.    Stipulation and Order to Extend Time for Discovery (Doc. # 91)**

In view of today's findings and in light of Plaintiff's current health issues, the court finds it appropriate to extend discovery for ninety (90) days. The following discovery deadlines are extended as follows:

Discovery Cut-Off Date:  October 10, 2014;

Amending the Pleadings:  August 29, 2014;

Request to Extend Discovery:  October 1, 2014;

Dispositive Motions:  November 14, 2014; and

Joint Pretrial Order:  December 19, 2014. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the court.

**IV.    Discussion Regarding Defendants Motion to Strike (Doc. # 92)**

The court advises Plaintiff that Defendants Renee Baker, James "Greg" Cox, Pam Del Porto and E.K. McDaniel have filed a motion to strike all "Next of Friend" documents filed by inmate Travers Green, which include Doc. ## 80, 81 and 82 (Doc. # 92). In view of Plaintiff's temporary placement at Northern Nevada Correctional Center ("NNCC"), the court directs Mr. Johnson to email copies of Doc. ## 80, 81, 82 and 92 to the library at NNCC so they may forward these documents to Mr. Randolph as soon as possible. The court directs Mr. Randolph to file any objection or response to Defendants' Motion to Strike (Doc. # 92) as soon as he returns to ESP.

Courtroom deputy is directed to send Plaintiff a copy of the current docket sheet.

**MINUTES OF PROCEEDINGS**
3:13-cv-00148-RCJ-WGC
Date: June 27, 2014
Page 5

**IT IS SO ORDERED.**

2:30 p.m. Court adjourns.

LANCE S. WILSON, CLERK

By:       /s/
Katie Lynn Ogden, Deputy Clerk
