1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

CHARLES RANDOLPH,                              3:13-cv-00148-RJC-WGC

7

                                    Plaintiff,    **ORDER**

8

        v.

9

THE STATE OF NEVADA, ex rel, NEVADA
DEPARTMENT OF CORRECTIONS, et al.,

10

                                   Defendants.

11

12      Before the court is Plaintiff's Response to Interested Party's Motions (Doc. # 100.)[1]   In

13  essence, Plaintiff seeks an order denying as moot three documents (Docs. ## 80, 81 and 82) filed

14  by a fellow inmate, allegedly on Plaintiff's behalf. For the following reasons, Plaintiff's request

15  is **GRANTED.**

16                                    **I. BACKGROUND**

17      On June 13, 2014, Traverse Greene ("Greene"), an inmate incarcerated with Plaintiff at

18  Ely State Prison (ESP), purportedly acting as a "next of friend," filed three documents with the

19  court: Motion for Leave to File Motion for Stay of Proceedings (Doc. # 80); Notice of Change of

20  Plaintiff's Address (Doc. # 81); and Motion to Receive all Electronically Filed Documents

21  (Doc. # 82).  The court subsequently issued a Minute Order on June 16, directing all Defendants

22  to respond to the documents filed by Greene. (Doc. # 84.) On June 26, former Defendant

23  CenturyLink Public Communications, Inc., fka Embarq Payphone Services, Inc. ("CenturyLink")

24  filed a response in opposition to Greene's' motions (Docs. ## 88, 89 and 90), and on June 27,

25  Defendants Baker, Cox, Del Porto and E.K. McDaniel (collectively "NDOC Defendants") filed a

26  motion to strike all "Next of Friend" documents filed by Greene (Docs. ## 80, 81 and 82).

27  (*See* Docs. ## 92 and 102.) Plaintiff filed this response on July 10, 2014. (*See* Doc. # 100.)

28

---

[1] Refers to court's docket number.

1    In the three documents he filed as a "Next of Friend" (Docs. ## 80, 81 and 82), Greene

2    asserts that Plaintiff was transferred from Ely State Prison (ESP) to several different hospitals as

3    the result of appendicitis and deteriorating health, and claims that Plaintiff remains at Northern

4    Nevada Correctional Center (NNCC). Greene states that he is a fellow inmate of Plaintiff's at

5    ESP, and that he has been acting as Plaintiff's "legal assistant" in this case.   Greene contends he

6    is in possession of all Plaintiff's legal documents while Plaintiff remains hospitalized, that he is

7    familiar with Plaintiff's case, and states that he filed these documents on Plaintiff's behalf as a

8    "Next of Friend." Greene seeks to have all documents pertaining to this matter sent to him during

9    Plaintiff's absence, and requests a stay of Plaintiff's case until he recovers and can return ESP.

10    In their responses (Docs. # 88, 89 and 90), CenturyLink argues that Greene has no

11    authority to file any documents in this case on Plaintiff's behalf. Specifically, they state that an

12    individual may appear only pro se or through legal counsel, and contend that there is no evidence

13    that Greene is an attorney. CenturyLink also contends that the right of Plaintiff to seek legal

14    assistance from fellow inmates does not extend to representation during litigation by non-party

15    laypersons. (Doc. # 88 at 2.) In addition, CenturyLink argues that Greene does not meet the

16    requirements to qualify for next-friend standing. (*Id.* at 3.)

17    In their motion to strike and reply in support (Docs. ## 92 and 102), NDOC Defendants

18    reiterate the arguments made by CentryLink in their response, and refer the court to the cases

19    cited therein. In addition, NDOC Defendants cite Administrative Regulation 722 as support for

20    their motion. (Doc. # 92, Exh. A.) Defendants' contended that A.R. 722 permits Plaintiff to

21    receive legal assistance from other inmates, but specifically states that inmates are not permitted

22    to appear in state or federal court on behalf of other inmate. (*Id.,* at 5-6.)

23    In his response (Doc. # 100), Plaintiff states that he was aware of and supported the

24    three documents filed on this behalf (Docs. ## 80, 81 and 82). (*Id.* at 1.) Plaintiff contends that

25    Greene filed the motions with Plaintiff's best interests in mind, and that Greene was acting as a

26    "next of friend" due to Plaintiff inability to protect his own interest. (*Id.* at 2.) Plaintiff states that

27    he would have sought the "same relief" himself, but was unable to do so because of his medical

28    condition and resulting transfer to NNCC. Plaintiff further indicates that he has since returned to

1   ESP, and consequently that there is no need to grant the relief requested by Greene. Plaintiff asks

2   that the court "view as moot" the three documents filed on his behalf. (*Id.*)

3                                        **III. DISCUSSION**

4           Preliminarily, the court notes that the granting of Plaintiff's request in Doc. # 100 largely

5   resolves CenturyLink's opposition to Greene's appearance in this matter, and renders moot the

6   NDOC Defendants' motion to strike.  Nonetheless, the court believes it necessary to resolve the

7   apparent discrepancy between Plaintiff and Defendants' regarding Greene's ability to participate

8   in this matter under the doctrine of next-friend standing.

9           The next-friend standing doctrine permits persons unable to prosecute their own action to

10  have third persons – "next friends" – stand in for them. Today, this doctrine is most often used in

11  the context of habeas corpus petitions, as next-friend standing is expressly authorized by the

12  federal habeas corpus statute.[2]  The statute itself does not, however, provide any requirements for

13  asserting next-friend standing, and the modern standard for its assertion was established by the

14  Supreme Court in *Whitmore v. Arkansas*, 495 U.S. 149 (1990).  In *Whitmore,* the third party was

15  not bringing a habeas corpus petition on behalf of the real party in interest , but rather was

16  attempting to intervene in a state court proceeding. Nonetheless, the Court recognized a federal

17  common-law doctrine of next friend standing, stating that it is "no broader than what is permitted

18  by the habeas corpus statute." *Id.* at 163-64. Thus, a party wishing to assert next-friend standing

19  under either the federal habeas corpus statute or at common law must satisfy the same

20  requirements set forth in *Whitmore*.

21          Under the test established in *Whitmore*, Greene bears the burden to justify his status as a

22  "next friend" by establishing that (1) he is "truly dedicated" to Plaintiff's best interest; (2) that he

23  has a "significant relationship" with Plaintiff;[3] and (3) that there is an adequate explanation –

24  such as inaccessibility, mental infirmity, or other disability – why Plaintiff cannot appear on his

25  own behalf. *Id.* at 163-64.  For the following reasons, Greene has not met these requirements,

26

27  [2] *See* 28 U.S.C. § 2242 (2000)("Applications for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting on his behalf.")

28  [3] *See Coalition of Clergy v. Bush*, 310 F.3d 1153 at 1162 (9th Cir. 2002)(holding that the *Whitmore* test should be understood to require a significant relationship between the would-be next friend and the real party in interest).

1    and his assertion of next-friend standing must fail.

2         As NDOC Defendants correctly point out, Greene offers no authority to suggest that

3    serving as Plaintiff's legal assistant while the two are incarcerated together necessarily

4    establishes that he is "truly dedicated" to Plaintiff's best interest, or that the two share a

5    "significant relationship." Indeed, the Ninth Circuit has recognized that the assertion by a would-

6    be "next friend" that his status as a fellow inmate qualifies him for next-friend standing, absent

7    unique circumstances, is insufficient to satisfy either of the first two *Whitmore* requirements.

8    *See Wilson v. Dixon*, 256 F.2d 536, 537-38 (9th Cir. 1958).

9         Further, Greene has not provided an adequate explanation for why Plaintiff could not file

10   these motions on his own behalf. Circumstances under which the requisite unavailability has

11   been found to exist include a prisoner's illiteracy, disabling physical or mental impairment,

12   peculiar isolating confinement, or geographic remoteness from court or counsel. *See Whitmore*,

13   495 U.S at 110.  Plaintiff's temporary inability to access his legal files do to his hospitalization

14   does not constitute circumstances necessitating Greene's filing documents in this matter on

15   Plaintiff's behalf. This conclusion receives additional support from the fact that all other parties

16   in this case have expressed their non-opposition to granting plaintiff an extension, if necessary,

17   to allow him time recover from his illness. (*See* Docs. ## 88 at 2; Doc. 92 at 3.)

18        Even if Greene were qualified to assert next-friend standing, the well-settled rule against

19   lay representation would, nonetheless, impede his ability to appear on Plaintiff's behalf. Greene

20   does not contend that he is an attorney, and a non-attorney has no authority to appear on behalf

21   of anyone but himself. *See United States v. French*, 748 F.3d 922, 933 (9th Cir. 2014); *See also*

22   *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).  Notably, while Plaintiff is not

23   seeking post-conviction relief in this case, it is significant that the federal habeas corpus statute

24   does not permit even a qualified "next friend" to proceed without an attorney.  Finally, as

25   asserted by NDOC Defendants in their motion to strike, A.R. 722 does not permit Greene, as a

26   fellow inmate, to appear in state or federal court on Plaintiff's behalf.

27        For these reasons, the court notifies Plaintiff that Greene is not qualified to assert "next

28   friend" standing in this case. Accordingly, Greene is not permitted to appear in this case, nor

1    may he make any filings on Plaintiff's behalf.[4]

2         Finally, the court will address NDOC Defendants filing a motion to strike all "next of

3 friend" motions filed by Greene. Defendants' response should actually have been submitted as an

4 opposition, not a counter motion. This is particularly so where, as here, the court issued an order

5 specifically directing Defendants to response to Greene's motions. (*See* Doc. # 84.) Filing

6 motions to strike, which are generally limited to addressing other pleadings (and under Fed. R.

7 Civ. P. 12(f), a motion is not a pleading), clutters the court's calendar. The substantive approach

8 should simply have been to oppose Plaintiff's request by filing a response, as the court directed.

9         In accordance with the findings set out in this order, the court rules as follows:

10      1.   Plaintiff's motion (Doc. # 100) is **<u>GRANTED</u>**;

11      2.   Documents # 80 and # 82 filed by Traverse Greene are **<u>DENIED</u>** for the reasons

12         stated in this order;

13      3.   As a consequence of Plaintiff's filing a Notice of Change of Address himself on

14         June 18, 2014 (Doc. # 86), Document # 81 filed by Traverse Greene is

15         **<u>DENIED AS MOOT</u>**; and

16      4.   NDOC Defendants' Motion to Strike (Doc. # 92) is **<u>DENIED AS MOOT</u>**.

18 **IT IS SO ORDERED**.

20 DATED:  July 24, 2014.

                                 _____

21                                    WILLIAM G. COBB
                                   UNITED STATES MAGISTRATE JUDGE

---

[4] This conclusion is not to suggest that Plaintiff cannot receive inmate assistance from Greene in reviewing and preparing legal documents in relation to this case. This court's conclusion is simply that Greene does not qualify for next-friend standing, and may not file pleadings or any other documents in this case, nor may he make any appearances on Plaintiff's behalf.