UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES RANDOLPH,<br><br>                            Plaintiff,<br><br>    v.<br><br>THE STATE OF NEVADA, ex. rel.<br>NEVADA DEPARTMENT OF<br>CORRECTIONS, et. al.,<br><br>                            Defendants. | 3:13-cv-00148-RCJ-WGC<br><br>**ORDER** |

Before the court are Plaintiff's Motion for Leave to File Amended Complaint (Doc. # 104)[1] and proposed First Amended Complaint (Doc. # 104-1) and his Motion to Dispense with Local Rule of Special Proceeding 2-1 (Doc. # 105). Defendants have filed non-oppositions to both motions. (Docs. # 106, # 107.) The court will address these motions in reverse order.

## I. DOC. # 105

First, Plaintiff requests that the court dispense with Local Rule of Special Proceeding (LSR) 2-1, which states that "[a] civil rights complaint filed by a person who is not represented by counsel shall be on the form provided by this Court." Plaintiff asks that he be permitted to submit his proposed amended complaint without utilizing the court's form section 1983 complaint. Plaintiff's motion (Doc. # 104) is **GRANTED**.

## II. DOC. # 104

Second, the court will address Plaintiff's motion for leave to amend and proposed amended complaint.

**A. Background**

Plaintiff originally filed his complaint in the Seventh Judicial District Court for the State

---

[1] Refers to court's docket number.

1  of Nevada and it was subsequently removed to this court. (Doc. # 1.) Plaintiff, an inmate in the
2  Nevada Department of Corrections (NDOC) alleged that his constitutional and statutory rights
3  were violated when defendants allegedly recorded calls placed to his attorney, James A. Colin.
4  He sued the State of Nevada, ex. rel. NDOC, James "Greg" Cox (NDOC director), E.K.
5  McDaniel (then warden of ESP), Renee Baker (then associate warden of programs and acting
6  warden of ESP), Pam Del Porto (inspector general at ESP), Century Link Sales Solutions, Inc.
7  and Embarq Communications, Inc. (alleged to be telephone contractors for NDOC). (Compl.,
8  Doc. # 7.)

9  Plaintiff included a claim against Century Link Sales Solutions, Inc. and Embarq
10 Communications, Inc. for violation of the Federal Wiretap Act. These defendants filed a motion
11 to dismiss. (Doc. # 5.) They asserted that first, neither Century Link Sales Solutions, Inc. nor
12 Embarq Communications, Inc. provided these services, and the correct entity was Embarq
13 Payphone Services, Inc. (*Id*. at n. 1.) They further argued that Plaintiff's allegations indicated that
14 he consented to the recording of his calls. (*Id*. at 4-7.)

15 Plaintiff subsequently filed a motion to substitute Embarq Payphone Services, Inc., in
16 place of Century Link Sales Solutions, Inc. and Embarq Communications, Inc., which the court
17 granted. (Docs. # 32, 33.) Century Link Sales Solutions, Inc. and Embarq Communications, Inc.
18 were dismissed from the action. (*Id*.)

19 On October 29, 2013, District Judge Robert C. Jones entered an order granting the
20 motion to dismiss (but denied the NDOC defendants' joinder to the motion). (Doc. # 42.)
21 Therefore, Judge Jones ordered that Embarq Payphone Services, Inc. was no longer a party to the
22 case. (*Id*. at 10.)

23 A scheduling order was entered (Doc. # 37), and the deadlines were subsequently
24 extended by stipulation of the party and then again by order of the court (Docs. # 67, # 94.)
25 Notably, the deadline to amend pleadings was extended to August 29, 2014. (Doc. # 94.)

26 On July 31, 2014, Plaintiff filed this motion for leave to amend (Doc. # 104) and
27 proposed amended complaint (Doc. # 104-1). As indicated above, Defendants do not oppose
28 Plaintiff's motion.

**B. Plaintiff's Motion for Leave to Amend and Proposed Amended Complaint**

Plaintiff states that he seeks to amend his complaint to reflect: (1) the voluntary dismissal of E.K. McDaniel; (2) to assert a state law claim arising from the same operative facts already described in the complaint; (3) to correctly identify Century Link; and (4) to bring the complaint factually consistent with the facts uncovered during discovery. (Doc. # 104 at 2.)

First, Plaintiff indicates that he is abandoning his claims against E.K. McDaniel because there were not sufficient facts uncovered during discovery to show his personal participation in the alleged violations of his rights. (*Id*. at 3.)

Second, Plaintiff seeks to assert the state law counterpart for the Federal Wiretap Act claim related to the unlawful interception of private communications under Nevada Revised Statute 200.690. (*Id*.)

Third, Plaintiff notes that while he named Century Link Sales Solutions, Inc. and Embarq Communications, Inc. as the telephone contractor defendants in his original complaint, the correct defendant was Embarq Payphone Services, Inc., and Embarq Payphone Services, Inc. was substituted in place of these entities. (*Id*. at 4.) He contends that Embarq Payphone Services, Inc. has since changed its name to Century Link Public Communications, Inc., and he wants this reflected in the amended complaint. (*Id*.)

Plaintiff states that Century Link will remain a "former" defendant and will not be required to answer the complaint given the court's order that it was dismissed with prejudice, but notes that he intends to appeal that decision when the case is finally adjudicated. (*Id*. at 2, 4.) Plaintiff wants the original claims against this defendant to appear in the amended complaint for purposes of his appeal. (*Id*. at 4.)

Finally, Plaintiff states that his proposed amended complaint omits reference to exhibits and does not include exhibits and identifies the correct court, reflecting the removal of the action to federal court. (*Id*.)

The court has two concerns with the proposed amended complaint. First, the proposed amended complaint contains various references to Century Link as a defendant and still directs the Wiretap Act claim against Century Link despite its dismissal. (Doc. # 104-1 at 7 ¶ 22, 8 ¶ 23,

1  12 ¶ 38, 14 ¶ 46, 17:15 and ¶ 2.) Second, the proposed amended complaint still contains one
2  reference to E.K. McDaniel as a defendant. (*Id*. at 12 ¶ 38.)

3  While Plaintiff states in his motion that Century Link is a "former" defendant and need not respond to the complaint and that he is simply including them to preserve his rights on appeal, this is not necessary. When the action is finally adjudicated and if Plaintiff seeks to appeal the decision dismissing Century Link's predecessor from the case, Plaintiff's rights are sufficiently protected because the original complaint and order of dismissal are part of the docket. The reference to it as a defendant and assertion of a claim against it in the proposed amended complaint is improper. The additional reference to E.K. McDaniel as a defendant is also improper. (Doc. # 104-1 at12 ¶ 38.)   Therefore, Plaintiff's motion for leave to file an amended complaint (Doc. # 104) is **DENIED WITHOUT PREJUDICE**.

Plaintiff is hereby **GRANTED LEAVE TO FILE AN AMENDED COMPLAINT WITHIN TWENTY DAYS OF THE DATE OF THIS ORDER**. Plaintiff may refer to Century Link to provide background information, including the fact that he contends Century Link was NDOC's telephone contractor during the relevant period, but Plaintiff may not reference it as a defendant and may not direct any claims against it. The other changes that Plaintiff proposes in his motion may proceed.

**IT IS SO ORDERED**.

August 13, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE